* THOMAS GOLD, Appellant, *versus* ALEXANDER M'MECHAN.

Neither the judge of probate, nor this Court, on an appeal from the judge of probate, can examine the merits of a claim against an insolvent estate, reported by the commissioners—the only remedy in such a case is, for the party dissatisfied with the report, to file his objection as pointed out by the statute, and have the same determined at common law.

THIS was an appeal from a decree of the judge of probate for this county. By the record in the Probate Court, authenticated copies whereof were produced in *this* Court, it appeared that the appellant was administrator *de bonis non* of the estate of *Phineas Watkins,* deceased; that the estate had been represented insolvent, and that commissioners had been appointed by the judge to receive and examine all claims of the several creditors thereto; that the commissioners had made their report to the judge, which contained a list of the creditors to the estate, with their respective claims, as allowed by the commissioners—in which list the appellee is stated to be a creditor, and to whom there was allowed by the commissioners the sum of 3451 dollars, 54 cents, for his claim against the estate; that the report was accepted and allowed by the judge, who, on the 18th of November, 1801, made his decree of distribution and average, by which the appellee was to receive 343 dollars, 59½ cents, as his proportion of the estate of the

deceased. The appeal was entered by virtue of a *resolve of the legislature* (*a*).

*Among the reasons of appeal filed in the case, only [ * **24** ] these two following were insisted on, *viz.*,

1. Because by the said decree the appellee had allowed him $848 59½ cents, on a claim reported by the commissioners of inso.vency on said estate, of $3451 54 cents, whereas by law no such claim ought to have been received or allowed, and no average made thereon, inasmuch as the appellee's claim was founded *on a joint and several note*, executed by the said *Watkins*, with *William Fletcher*, and *Oliver Tenney*, previous to Oct. 1798, whereon a suit had been instituted against *all of the debtors*, in the Court of Common Pleas for the county aforesaid, and while pending and before judgment, the said *Watkins* died, and the two others survived, against whom the suit was prosecuted to judgment and execution, and from whom was levied the sum of $2339 40 cents, leaving a balance due to the appellee, on his execution against *Fletcher* and *Tenney*, of $1303 8 cents; but deducting the sum collected from the sum allowed by said commissioners, a balance will remain of only $1112 14 cents, and the said *Fletcher* and *Tenney*, yet living; wherefore, by instituting and prosecuting the said suit in manner aforesaid, the appellee waived the benefit of the severalty of the promise contained in the note, and made his election to give it the effect of a mere joint promissory note against *Fletcher* and *Tenney*, the survivors, against whom the said claim survived on the death

(*a*) This resolve was passed Feb. 23, 1803, and was in substance as follows, viz., " Whereas, by a decree of the Court of Probate, holden, &c., the sum of $843, 59½ cents, was allowed to *Alexander M'Mechan*, as a creditor of *Phineas Watkins*, late of ——, &c., deceased, being an average dividend on the sum reported in his favor by the commissioners of insolvency on said *Watkins's* estate, on a promissory note given to said *M'Mechan* by said *W.* in his lifetime, jointly and severally with *William Fletcher* and *Oliver Tenney*, on which note a suit was commenced by said *M'Mechan* against said *W. F.* and *T.*, in the lifetime of said *W.*, and after his death was prosecuted to final judgment and execution against the surviving promisors, *F.* and *T.*, and the execution in part satisfied by being levied on the estate of *F.* and *T.*, which part satisfaction, not being proved, was not taken into consideration by the judge of probate, in decreeing the average aforesaid in favor of said *M'Mechan* upon his whole debt proved as aforesaid; but within the time allowed by law for appealing from the decree of average, the said *M'Mechan* agreed with the administrator of said estate, that if he would not appeal from said decree, he (*M'Mechan*) would agree on a state of facts, and submit the same to the judgment of the *Hon. Simeon Strong, Esq.*, which submission was accordingly made, but the said referee declined a determination thereof. It is therefore *Resolved*, that *Thomas Gould*, the present administrator of said estate, may, at any time before the 20th *of April next*, enter an appeal from the decree aforesaid, to the Supreme Court of Probate, which appeal shall have the same effect as if claimed and entered within one month from the time of making said decree, provided the appellant shall give bond, file the reasons of his appeal, and notify the adverse party," &c.

[ * 25 ]  * of the said *Watkins*, and against whom alone the appellee had his remedy by law.

2. Because, admitting the appellee to have a claim on the said *Watkins's* estate for the balance of $1112 14 cents, there is error in the said decree in this; that the decree of average was made on the whole sum allowed by the commissioners of insolvency, of $3451 54 cents, thereby producing the average of $843 59½ cents, whereas the average allowed should have been made on the balance actually remaining due to the appellee, by deducting the payment made towards the said claim subsequent to the report of the said commissioners, and previous to the 18*th* day of *November*, 1801, being $2339 40 cents, in which case the balance due to the appellee would have been $1112 14 cents, producing an average sum of about $500 only.

It was conceded by *J. C. Williams*, counsel for the appellee, that the *facts* stated in the *first* reason of the appeal were true.

*Bidwell*, for the appellant, contended *first*, that the judge of probate, previous to his passing the decree of distribution and average, ought to have admitted proof of part payment of the demand of the appellee, which had been made on the execution against the surviving promisors in the note mentioned in the first reason of appeal, so as to have reduced the demand of the appellee, as a creditor to the estate, to the actual sum due at the time of the decree—and that he was not, in law or equity, entitled to receive any sum beyond the average of the balance *then* due. The commissioners could not make this reduction, because, at the time they allowed the claim, the suit against the survivors was pending nothing had *then* been collected on the note, nor was it possible *then* to ascertain whether any, and if any, what sum would [ * 26 ] be recovered and realized by the suit; but before * the decree was made, the sum stated in the reasons of appeal having been paid on the demand of the appellee, he was, by that event, a creditor to the estate for the balance then due, and for no more ; and, therefore, the judge, under the special circumstances of this case, ought to have received the proof, and altered the report of the commissioners. This, he said, was putting the case upon a fair and equitable footing as it respected the appellee, who certainly ought not to ask for more ; for, *secondly*, he contended that in legal strictness the appellee ought not to have been allowed any thing on the note: it is true the note was joint and several, and, therefore, the promisee had a right to call on either of the promisors for the whole, as well as to bring an action against them jointly; but here he had made *his election*; he had

*brought* his action against the whole, and at the time the commissioners allowed his claim, was *pursuing the same* action against the *two* survivors, and at the time of the decree had a joint judgment against them; by this he had relinquished his several remedy, and had by his own act excluded himself from any claim against the estate of *Watkins.*

He then suggested, that by the appeal the case was in the same situation as if no decree had been passed, and that *this* Court had the same powers in all respects as the judge of probate had when the case was before him; and, therefore, that this Court might strike out of the report of the commissioners the allowance made to the appellee, and put him to his action at *common law* for his supposed claim.

*J. C. Williams,* for the appellee, insisted that as the claim of the appellee in this case was founded on a contract which was *several* as well as *joint,* he had a right to pursue his claim against each of the promisors in the note, and also against the * estate of the deceased promisor, and that [ * **27** ] the same reason which authorized the recovery of a judgment in the courts of common law, against each of the promisors for the *whole* amount of the note, when no part of its contents had been paid, also authorized and required the commissioners to allow, as they had done, the whole amount against the estate of *Watkins.* It is true that the creditor can recover but *one* satisfaction, and therefore he is to take care, where he has several judgments for the same demand, that he does not receive more in the whole than the amount of his demand; but until he is satisfied for *that,* his *several* remedies remain. In the case now before the Court, should the appellee receive the average sum decreed him by the judge, his demand will still remain unsatisfied; as *that* sum, added to what he has collected on the judgment against the surviving promisors, falls short of the amount of the debt by several hundred dollars; there are, therefore, no equitable circumstances to induce the Court to interfere, and set aside the decree of the judge.

This case was argued on *Wednesday* the second day of this term. The Court delivered their opinions on *Saturday* the last day of the term.

THACHER, J., said he was of opinion that the decree of the judge of probate ought to be affirmed.

SEWALL, J. It does not appear from the reasons of appeal filed, nor is it otherwise pretended that the administrator, though he objected against this claim, requested of the judge to have it stricken out of the report, or that any notice was given to the

claimant that he must prosecute therefor at the common law The question, therefore, now before the Court seems to be whether the Probate Court *below*, or *this* Court, as the Supreme Court of Probate, can examine the merits of a claim reported by commissioners to the effect of disallowing it according to the [ * 28 ] first reason of appeal, *or of altering it according to the second reason of appeal.

I am clearly of opinion that this Court have no authority in this manner, or with such a purpose, to examine the reports of commissioners upon the claims against insolvent estates.

Among the many reasons which might be offered, there is one ground for this opinion which I think altogether sufficient. It is that in the *act* respecting insolvent estates, the legislature make an especial provision for the case alleged, without any allusion to or supposition of a power in the Probate Court to examine or determine upon the claims of a creditor. The statute prescribes a mode of appeal, whether desired by the administrator or a creditor, from the report of the commissioners. In both cases, the remedy is to be an action to be tried and determined in the course of the *common law.*

I have been desirous, if it might be done, to afford relief in this case conformably to the suggestion of the appellant's counsel, at the close of his argument, and allow the administrator to object at this time to the report, in such manner as to have this disputed claim struck out, and the creditor put to his action therefor, to be pursued in the course of the *common law.* But considering the special circumstances of this appeal, and the nature of the objection suggested against the particular claim, I think this Court more limited in their authority in this case than in ordinary appeals, and no equitable inducements appear for the enlargement of their authority. In no case, however, may the Court go beyond the reasons of appeal, unless it may be to correct some error of the Probate Court, apparent in their record. The present case exhibits no reason of appeal upon which the Court could proceed to strike this claim from the report of the commissioners; and [ * 29 ] *to the decree of the judge, or the report established thereby, there is no objection from any circumstance apparent on the record.

SEDGWICK, J. (after stating the case.) None of the reasons of the appeal have been insisted on, excepting the two first. Relative to these, I am clearly of opinion that if, in the instances set forth, the administrator *de bonis non*, had a remedy, it is not of the nature sought for by this appeal. This Court has no authority in this case but as a court of probate of appellate jurisdiction. In other words

this Court has no greater nor other power on the appeal, than the judge below might and ought to have exercised. The power and duty of the judge, and *all* his power and duty, on this subject, are detailed in the statute, *passed on the 15th of June,* 1784, (*stat.* 1¯84, *c.* 2,) for the distribution of insolvent estates.

By this *act*, on a representation of insolvency, the judge is to appoint commissioners to receive and examine the claims of creditors, who, having observed the rules prescribed, are to make a report, and present upon oath a list of all the claims that shall have been laid before them, with the sums they shall allow on each claim—whereupon the judge, after having provided for the payment of the services of the commissioners, the debts due to the commonwealth, taxes, the expenses of the last sickness of the deceased, and his funeral expenses, is to order the residue and remainder of the estate to be distributed " *to and among the creditors who shall have made out their claims with the commissioners, in proportion to the sums to them respectively due and owing.*" Now this duty of the judge is clearly and unequivocally declared, and in this case, has been exactly pursued by him. If any demand was allowed which ought not to have been ; or more, to any creditor, than in the opinion of the administrator was justly due, * he was not [ * **30** ] without remedy. He not only had it in his power to object, specifically, to any demand, but it was his duty so to have done. The same statute, after providing a mode in which a creditor, whose claim shall have been rejected, may obtain justice, enacts, that " in case the executor or administrator shall be dissatisfied with any creditor's claim allowed by the commissioners, and shall give notice thereof at the probate office, and also to the creditor, within twenty days, such claim shall by the judge be struck out of the commissioners' report, unless the creditor shall commence and prosecute at the *common law*, his claim as soon as may be, &c.' This was his remedy, and the only remedy which the law has provided ; and it is ample for the purpose for which it was intended. It is the remedy to which the administrator ought to have resorted, which having neglected, it is beyond our power to substitute that which is sought by this appeal. The proceedings of the judge must therefore be affirmed.

STRONG, J., declared himself to be of the same opinion.

*Decree affirmed.*